

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00003-CR

CHRISTOPHER LYNN HALE, SR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 22,153-2014

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Pursuant to a negotiated plea agreement, Christopher Lynn Hale, Sr., pled "guilty" to aggravated sexual assault of a child and was sentenced, in keeping with the State's recommendation, to twenty-five years' imprisonment. The issue before us is whether Hale timely perfected his appeal. We conclude that he did not and dismiss the appeal for want of jurisdiction.

## I.       Hale's Notice of Appeal Is Untimely

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (citing *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993)). Sentence was imposed in this matter on July 14, 2014, and Hale did not file a motion for new trial or any other pleading that would extend his deadline for filing a notice of appeal; consequently, notice of Hale's direct appeal from the July 14, 2014, conviction was due August 13, 2014. *See* TEX. R. APP. P. 26.2. Hale's notice was not filed until November 13, 2014; thus, his appeal is untimely.

## II.       Hale Has No Right of Appeal in this Plea Bargain Case

Notwithstanding the timeliness issue, the trial court certified that Hale's case was a plea-bargain case in which he has no right of appeal. Rule 25.2 of the Texas Rules of Appellate Procedure, setting forth the very limited right of appeal that the Legislature has provided in plea-bargain cases, states,

> (2)       . . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:

> (A)     those matters that were raised by written motion filed and ruled on before trial, or
>
> (B)     after getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2(a)(2). This Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates that there is no right of appeal. *Id*. Because the trial court certified that Hale has no right of appeal and because the record before us contains nothing to suggest that the certification is incorrect, *see Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005), even if the notice had been timely, we would be required to dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 25.2(d).

On January 7, 2015, we informed Hale of the apparent defects in our jurisdiction over this appeal and afforded him the opportunity to respond and, if possible, to cure such defects. We received no satisfactory response to that letter.

Because Hale has not timely perfected his appeal and because his plea agreement prevents an appeal in any event, we dismiss this appeal for want of jurisdiction.


Bailey C. Moseley
Justice


Date Submitted:     March 12, 2015
Date Decided:       March 13, 2015

Do Not Publish

3